# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIMOTHY WINEY,
                     Appellant,

         v.

DEPARTMENT OF DEFENSE,
                     Agency.

DOCKET NUMBER
DC-1221-17-0011-W-1

DATE: April 20, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Timothy Winey, Suffolk, United Kingdom, pro se.

Schwanda Rountree, Alexandria, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal on collateral estoppel grounds. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to dismiss the appeal for lack of jurisdiction without addressing the issue of collateral estoppel, we AFFIRM the initial decision.[2]

¶2      The appellant filed an IRA appeal in which he contended that the agency removed him from his position in retaliation for alleged whistleblowing. Initial Appeal File (IAF), Tab 1. The administrative judge informed the appellant that he had the burden of establishing jurisdiction over his appeal, and she provided him with notice of what he must show to establish jurisdiction. IAF, Tab 3. The administrative judge also issued a show cause order in which she directed the appellant to show why his appeal should not be dismissed on the basis of collateral estoppel as it appeared that he had raised the identical claim in an earlier appeal. IAF, Tab 31. After considering the parties' responses, the administrative judge found that the appeal was barred by collateral estoppel. IAF, Tab 48, Initial Decision (ID) at 7-9. She further found, in the alternative,

---

[2] The appellant also filed a motion for leave to file additional pleadings. Petition for Review File, Tab 6. In this motion, the appellant, without specifically identifying what his additional pleadings are, is simply reiterating the arguments that he has already raised in his petition for review; that is, that the administrative judge was biased, that she should have ruled on his motion to compel before dismissing his case, and that he has been prevented from obtaining documents from the Office of Special Counsel through discovery. Because all of these arguments are addressed in this decision, the appellant's motion for leave to file additional pleadings is denied.

that the appellant failed to prove jurisdiction over his appeal because he did not prove by preponderant evidence that he had exhausted his administrative remedies with the Office of Special Counsel (OSC). ID at 9-13. The appellant petitions for review.

¶3 The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must provide OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11.

¶4 Here, although the appellant filed a complaint with OSC and received a closure letter, IAF, Tab 7 at 57-59, he did not submit a copy of his OSC complaint to the Board. While proof of exhaustion need not be in the form of an OSC complaint, the burden of proof is on the appellant to establish exhaustion. *Chambers*, 2022 MSPB 8, ¶¶ 10-11. As such, it was incumbent on him to articulate the substance of the disclosures that he made to OSC. The administrative judge ordered the appellant to identify his protected disclosure, the date of the disclosure, to whom it was made, and other pertinent information, IAF, Tab 3 at 7, but the appellant provided no information about his OSC complaint and instead raised arguments about the merits of his removal, his discrimination claims, his requests for documents under the Freedom of Information Act, and other matters not relevant to the outcome of this appeal.

¶5 The appellant asserts on review that OSC stated in its closure letter that he had exhausted his administrative remedies and that the administrative judge erred by finding otherwise. PFR File, Tab 2 at 4-5. The appellant has misinterpreted OSC's correspondence. IAF, Tab 1 at 52-54, Tab 7 at 57-59. In any event, an

IRA appeal before the Board is a de novo proceeding and any decisions that OSC may have made are not binding on the Board. *Mangano v. Department of Veterans Affairs*, 109 M.S.P.R. 658, ¶ 45 (2008). Moreover, as noted above, OSC's closure letter establishes that the appellant filed a complaint about alleged whistleblowing, but it does not establish what the alleged whistleblowing was, and it does not establish that he provided OSC with a sufficient basis to pursue an investigation which might lead to corrective action.

¶6    The appellant further contends that he was unable to provide copies of his correspondence with OSC because OSC was not cooperating with his various requests for documents. PFR File, Tab 2 at 4. Whether the appellant has satisfied the exhaustion requirement depends on what information he provided to OSC. The documents he submitted to OSC would normally be in his own custody and control and his access to them would not depend on OSC's response to his requests for documents. Moreover, the appellant has been attempting to obtain redress for his removal since 2011, including by filing of several Board appeals, and has had ample opportunity to gather the documents he needs.

¶7    Finally, the appellant alleges that the administrative judge was biased and should have recused herself. *Id.* at 4-5. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The party claiming bias must show that it constitutes extrajudicial conduct rather than conduct arising in the administrative proceedings before the administrative judge, and the fact that the administrative judge ruled against the party, even erroneously, is insufficient evidence to show bias. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013); *Benson v. Office of Personnel Management*, 83 M.S.P.R. 549, ¶ 7 (1999). The appellant's claims of bias are based almost entirely on the administrative judge's rulings in this appeal and in prior appeals and do not establish extrajudicial conduct warranting a finding of bias.

¶8    The appellant's remaining allegation of bias proceeds from his representation that he has named the administrative judge as a witness in a discrimination complaint.  However, he has submitted no evidence showing that the administrative judge has been approved as a witness by an appropriate authority.  At this point, any suggestion that the administrative judge will testify in any possible hearing that may or may not occur in connection with his discrimination complaint is mere speculation, as is the apparent presumption that the possibility of testifying necessarily would trigger bias against the appellant.

¶9    Based on the foregoing, we find that the administrative judge correctly found that the appellant did not show that he exhausted his administrative remedies with OSC and failed to establish jurisdiction over his IRA appeal.  In light of this disposition, we do not address the administrative judge's finding that the appeal was barred by the doctrine of collateral estoppel.

¶10    Finally, on March 1, 2018, the appellant filed a pleading titled "Motion to Waive Jurisdiction."  PFR File, Tab 8.  The Clerk of the Board issued an order informing the appellant that it appeared that his pleading may constitute a request to withdraw his petition for review.  PFR File, Tab 9.  The Clerk ordered the appellant, if he indeed wished to withdraw his petition for review, to submit a pleading confirming his request to withdraw his petition for review.  *Id.*  The appellant did not respond to the Clerk's order and we find that he did not intend to withdraw his petition for review.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.